Steven M. Tindall (CA Bar No. 187862)
smt@classlawgroup.com
Caroline Corbitt (CA Bar No. 305492)
ccc@classlawgroup.com
GIBBS LAW GROUP
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone:  (510) 350-9700
Facsimile:  (510) 350-9701

John H. Douglas (CA Bar No. 178966)
DOUGLAS LAW OFFICES
jdouglas@douglaslegal.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 794-4751
Facsimile:  (415) 795-3432

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| J. JASON REYNOLDS,<br><br>    Plaintiff, on behalf of himself and all others similarly situated,<br><br>        v.<br><br>DIRECT FLOW MEDICAL, INC.; DAN LEMAITRE; JOHN DAVID BOYLE; GORDON BISHOP; PAUL LAVIOLETTE; and YUVAL BINUR,<br><br>    Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR:<br><br>(1) Violation of the WARN Act, 29 U.S.C. §2101, *et seq.*;<br>(2) Violation of the WARN Act, California Labor Code § 1400, *et seq.*;<br>(3) Violation of California Labor Code, § 203; and<br>(4) Violation of California Labor Code, § 2802<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

Plaintiff J. Jason Reynolds ("Plaintiff"), on behalf of himself and all others similarly situated, for his Complaint against Defendants Direct Flow Medical, Inc. ("DFM"), Dan Lemaitre, John David Boyle, Gordon Bishop, Paul LaViolette, and Yuval Binur (collectively, "Defendants"), states and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court's jurisdiction is based on 28 U.S.C. § 1331, 29 U.S.C. §§ 2102, 2104(a)(5), and California Labor Code § 1404 of the Worker Adjustment and Retraining Notification Act.[1] This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.      Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), and section 5(a)(5) of the WARN Act (29 U.S.C. § 2104(a)(5)) because Defendants do business in this district, employed Plaintiff and many other individuals in this district, and the acts underlying the WARN Act claims occurred in this district.

## PARTIES

3.      Plaintiff J. Jason Reynolds was a DFM employee who, in addition to other substantial employee benefits, earned regular compensation and was damaged by Defendants' acts in violation of the WARN Act and the California Labor Code § 203.  Plaintiff also intends to bring this case as a representative action under the Private Attorney General Act (PAGA), California Labor Code §§ 2698-2699, on behalf of former DFM employees once the time for the Labor and Workforce Development Agency (LWDA) to review Plaintiff's PAGA notice has expired and will seek to amend the complaint to assert his PAGA claim at that time.

4.      Plaintiff resides, and at all times relevant to this Complaint has resided, in Sonoma County, California.

5.      Defendant DFM is, and at all relevant times was, a Delaware corporation with its principal place of business in Santa Rosa, California. DFM also has technology and manufacturing

---

[1] This Complaint will refer to the United States and California Worker Adjustment and Retraining Notification Acts collectively as the "WARN Act" unless otherwise specified. 29 U.S.C. § 2101 et. seq.; California Labor Code § 1400 et. seq.

1   facilities in Lake Forest, California. At all relevant times, DFM maintained facilities that qualified for
2   protection under the federal and state WARN Acts (collectively, "the Facilities").

3       6.      Defendant John David Boyle is, and at all relevant times was, the Chief Financial Officer
4   of DFM.

5       7.      Defendant Gordon Bishop is, and at all relevant times was, the founder and Chief
6   Technology Officer of DFM and a member of its Board of Directors.

7       8.      Defendant Dan Lemaitre is, and at all relevant times was, the President and Chief
8   Executive Officer of DFM and a member of its Board of Directors.

9       9.      Defendant Yuval Binur is, and at all relevant times was, a member of the Board of
10  Directors of DFM.

11      10.     Defendant Paul LaViolette is, and at all relevant times was, Chairman of the Board of
12  Directors of DFM.

13                      **FACTUAL ALLEGATIONS**

14      11.     Defendant DFM is a medical technology company focused on developing transcatheter
15  heart valve technologies.

16      12.     DFM is and was headed by executives including Defendants Dan Lemaitre, John David
17  Boyle, Gordon Bishop, Paul LaViolette, and Yuval Binur.

18      13.     During the time period relevant to this action, Defendants employed approximately 250
19  employees, including Plaintiff, at two locations in California.  Defendants employed approximately 140
20  individuals at DFM's Santa Rosa, California, location and approximately 90 individuals at DFM's Lake
21  Forest, California, location.

22      14.     Plaintiff worked for Defendants as a Senior Director for the Office of Medical Affairs.
23  He was employed full time in the Santa Rosa office.

24      15.     On or about November 18, 2016, Defendants furloughed the majority of their workforce,
25  including Plaintiff, mandating that furloughed employees take an involuntary leave of absence without
26  pay. At that time, employees of DFM, including Plaintiff, were owed wages and compensation for
27  unused paid time off by Defendants, much of which they have still not received.

16.     Employees of DFM, including Plaintiff, were told on or about November 18, 2016, that they were being furloughed due to lack of funding but that they might receive compensation for unpaid wages in the future.  Employees were also informed that DFM was contemplating layoffs but would not necessarily lay off its entire workforce.

17.     In a November 18, 2016 meeting, an employee of DFM asked Defendant Lemaitire whether Defendants could lawfully terminate employees without 60 days' notice. Lematire acknowledged that Defendants would likely be in violation of the law if they did so, but that "it didn't matter" because DFM had no funds to pay employees.

18.     On or about November 30, 2016, Defendants terminated nearly all of DFM's workforce without notice. At the time, DFM's terminated employees were owed unpaid wages, including but not limited to compensation for hours worked and unused personal time off.  Terminated employees were also owed reimbursement for necessary business expenditures such as travel and expenses. Defendants did not, and have not, subsequently paid their terminated employees all of the wages, personal time off, and necessarily expenditures that employees are owed.

19.     Terminated employees were also owed back wages for salary increases. These salary increases began accruing on July 1, 2016, and were scheduled to be paid to employees on November 30, 2016.

20.     The layoff of nearly 250 employees from DFM's Santa Rosa and Forest Lake locations on November 30, 2016, constituted mass layoffs and/or plant closings under federal and California law. Defendants were required to give these terminated employees 60 days' notice of this layoff under the WARN Act, but failed to do so. Defendants also violated California Labor Code § 203 and the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 *et seq.,* as further described below.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3); the WARN Act (29 U.S.C. § 2104(a)(5) and Cal. Labor Code § 1404); California Labor Code § 203; and California Labor Code § 2802.  Plaintiff also intends to bring this case as a

1   representative action under PAGA once the time for the LWDA to review Plaintiff's PAGA notice has
2   expired.

3        22.    Plaintiff brings this action on behalf of himself and all other similarly situated employees.
4   Plaintiff seeks to represent a Class initially defined as:

5          All of Defendants' employees who were terminated from employment at one of Defendants'
6          Facilities on or around November 30, 2016, as part of a mass layoff or plant closing.

7        23.    Plaintiffs and proposed class members are "affected employee(s)" subject to an
8   "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

9        24.    Plaintiff and proposed class members were subjected to "plant closings" and/or "mass
10  layoffs" as those terms are defined in the federal WARN Act, 29 U.S.C. § 210.

11       25.    Plaintiff and the proposed class members are "employees" at a "covered establishment"
12  subject to a "mass layoff" and/or "termination" as those terms are defined in the California WARN Act,
13  California Labor Code § 1400(h), (a), (d)  and (f), respectively.

14       26.    Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and
15  superiority requirements of a class action.

16       27.    The members of the class exceed 100 in number.  Joinder is therefore impracticable.  The
17  precise number of class members and their addresses are readily determinable from the books and
18  records of Defendants.

19       28.    There are common questions of fact and law as to the class that predominate over any
20  questions affecting only individual class members.  The questions of law and fact common to the class
21  arising from Defendants' actions include, without limitation, the following:

22         a.    whether the provisions of the WARN Act (under both federal and California state law)
23            apply;

24         b.    whether Defendants' employee terminations on or about November 30, 2016, constitute
25            "plant closings," "terminations," and/or "mass layoffs" under the WARN Act;

26         c.    whether Defendants failed to provide the notices required by the WARN Act (29 U.S.C. §
27            2102(b); Cal. Labor Code § 1401);

---

**CLASS ACTION COMPLAINT**

d.      whether Defendants can avail themselves of any of the provisions the WARN Act that permit shorter notice periods;

e.      the appropriate formulae to measure damages under the WARN Act (29 U.S.C. § 2104(a); Cal. Labor Code § 1402);

f.      whether Defendants, in violation of Cal. Labor Code §§ 201-203, failed to timely pay Plaintiff and Class Members all wages due upon termination or resignation;

g.      whether Plaintiff and other former-employee Class Members are entitled to "waiting time" penalties pursuant to Cal. Labor Code § 203;

h.      whether Defendants violated Cal. Labor Code § 2802 in failing to reimburse Plaintiff and Class Members for necessary expenditures, such as travel and expenses; and

i.      the appropriate definitions and formulae to measure payments to potentially offset damages.

29.     The questions set forth above predominate over any questions affecting only individual persons.  A class action is superior to other available methods for the fair and efficient adjudication of the claims, particularly with respect to considerations of consistency, economy, efficiency, fairness and equity. The conduct of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

30.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Defendants have acted, or refused to act, on grounds generally applicable to the class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

31.     Plaintiff is an affected employee who was terminated by Defendants from employment at one of Defendants' Facilities on November 30, 2016, without the notice required by the WARN Act.  He is, therefore, a member of the class.  Plaintiff is committed to pursuing this action and has retained counsel with extensive experience prosecuting complex wage, employment, and class action litigation.

1  Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all of its

2  members.

3      32.    Plaintiff's claims are typical of the claims of the class.  Plaintiff and all class members

4  sustained injuries and damages arising out of and caused by Defendants' common course of conduct in

5  terminating them without adequate notice and in failing to pay them all wages and paid time off due to

6  them at the time of termination, as alleged herein.

7      33.    Defendants have acted or refused to act in respects generally applicable to the class,

8  thereby making appropriate relief with regard to the members of the class as a whole, as requested

9  herein.

10     34.    Further, class action treatment of this action is authorized and appropriate under the

11 WARN Act (29 U.S.C. § 2104(a)(5); Cal. Labor Code § 1404), which provides that a plaintiff seeking to

12 enforce liabilities under the WARN Act may sue either on behalf of his or her self, for other persons

13 similarly situated, or both.

14                    **<u>COUNT ONE</u>**

15 **<u>Violations of the United States Worker Adjustment and Retraining Notification Act,</u>**

16              **<u>29 U.S.C. § 2101, *et. seq.*</u>**

17     35.    Plaintiff reasserts and re-alleges the allegations set forth above as though fully set forth

18 herein.

19     36.    At all times material herein, Plaintiff, and similarly situated persons, has been entitled to

20 the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101, *et. seq.*

21     37.    The federal WARN Act regulates the amount of notice an employer must provide to

22 employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as

23 the back pay and other associated benefits an affected employee is due based on a violation of the

24 required notice period.

25     38.    Defendants were, and are, subject to the notice and back pay requirements of the federal

26 WARN Act because they are individually and collectively a business enterprise that employs 100 or

27 more employees, excluding part-time employees, as defined in the Act. 29 US.C. § 2101(1)(A).

39.     Defendants willfully violated the federal WARN Act by failing to provide the required notice.

40.     Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. § 2103(1)-(2).  None of the federal WARN Act exemptions, however, apply to Defendants.  Accordingly, Plaintiff and proposed class members are entitled to receive the notice and back pay required by the federal WARN Act (29 U.S.C. § 2102 and 2104).

41.     Plaintiff and all similarly situated employees have been damaged by Defendants' conduct constituting violations of the federal WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendants have not acted in good faith or with reasonable grounds to believe their acts and omissions were not a violation of the federal WARN Act.

**COUNT TWO**

**Violations of the California Worker Adjustment and Retraining Notification Act**

**California Labor Code § 1400, *et. seq*.**

42.     Plaintiff reasserts and re-alleges the allegations set forth above.

43.     At all times material herein, Plaintiff, and similarly situated persons including the subclass members, have been entitled to the rights, protections, and benefits provided under the California WARN Act, California Labor Code § 1400, *et. seq*.

44.     The California WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

45.     Defendants were, and are, subject to the notice and back pay requirements of the California WARN Act because the Facilities are covered establishment that employ 75 or more employees, excluding part-time employees, as defined in the Act.  Cal. Labor Code § 1400.

46.     Defendants willfully violated the California WARN Act by failing to provide the required notice.

47.     The California WARN Act exempts certain employers from the notice requirements of the Act.  None of the California WARN Act exemptions, however, apply to Defendants.  Accordingly,

Plaintiffs and class members must receive the notice and back pay required by the California WARN Act.

48.     Plaintiff and all similarly situated employees have been damaged by Defendants' conduct constituting violations of the California WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendants have not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the California WARN Act.

## COUNT THREE

### Violations of California Labor Code Waiting Time Penalties

### California Labor Code § 203

49.     Plaintiff reasserts and re-alleges the allegations set forth above.

50.     California Labor Code § 201 states that an employer is required to provide an employee who is terminated all accrued wages and compensation at the time of termination.

51.     California Labor Code § 202 states that an employer is required to provide an employee who resigns all unpaid wages within 72 hours of their resignation, or upon resignation if the employee has provided at least 72 hours' notice.

52.     California Labor Code § 203 states that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 and § 202, then the employer is liable for waiting time penalties equivalent to the employee's daily wage, for a maximum of 30 days.

53.     Defendants Dan LeMaitre, John David Boyle, Gordon Bishop, Paul LaViolette, and Yuval Binur are liable for violations of Section 203 of the Labor Code because they are "other person[s] acting on behalf of an employer" pursuant to Labor Code Section 558.1.

54.     Plaintiff and numerous class members who were employed by Defendants were terminated on or about November 30, 2016.  Upon termination, however, they were not paid all wages and paid time off that were due within the statutory time period.  Defendants willfully failed and refused to pay timely compensation and wages for, among other things, unpaid back wages and personal time off.

55.     As a direct and proximate result of Defendants' willful conduct in failing to pay Plaintiff and former employee class members for all hours worked, Plaintiff and affected members of the class are entitled to recover "waiting time" penalties of up to thirty (30) days' wages pursuant to § 203, with interest thereon, and reasonable attorneys' fees and costs.

## COUNT FOUR

### Violation of California Labor Code Necessary Expenditures

### California Labor Code § 2802

56.     Plaintiff reasserts and re-alleges the allegations set forth above.

57.     California Labor Code § 2802 provides that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

58.     Plaintiff and class members have incurred necessary expenditures in direct consequence of the discharge of their duties, including expenditures for travel and expenses.

59.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and class members have sustained damages in the amount of their unreimbursed expenses, plus interest accrued from the date of the expenditures, in an amount to be established at trial.

60.     Pursuant to California Labor Code § 2802, Plaintiff and Class Members are also entitled to reasonable attorneys' fees and costs.

### Violations of Labor Code Private Attorney General Act, California Labor Code §2698, *et seq.*:

61.     Plaintiff reasserts and re-alleges the allegations set forth above.  Plaintiff intends to bring a claim under California Labor Code §§ 2698-2699 in a representative capacity on behalf of current and former employees who were terminated without notice on or around November 30, 2016.

62.     The California Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698, *et seq.*, grants California employees the right to bring a civil action for the violation of any provision of the Labor Code on behalf of themselves and other current or former employees in order to recover civil penalties.  PAGA is intended to assist in the achievement of maximum compliance

---

1   with state labor laws by empowering aggrieved employees to act as private attorneys general in order to

2   recover civil penalties for Labor Code violations that would otherwise be prosecuted by the state.  *See*

3   *Arias v. Super. Ct.* (2009) 46 Cal. 4th 969, 980.

4        63.   PAGA permits an aggrieved employee to collect the civil penalty authorized by law and

5   normally collectible by the California Labor and Workforce Development Agency.  To address

6   violations for which no penalty has been established, § 2699(f) creates a private right of action for

7   aggrieved employees and a default penalty in the amount of $100 for each aggrieved employee per pay

8   period for the initial violation, and $200 for each aggrieved employee per pay period for each

9   subsequent violation.  *See* Cal. Lab. Code § 2699(f).

10       64.   California Labor Code § 2699(g) further provides that any employee who prevails in an

11  action for civil penalties is entitled to an award of reasonable attorneys' fees and costs.

12       65.   On January 13, 2017, pursuant to California Labor Code § 2699.3, Plaintiff sent notice by

13  certified mail to the Labor and Workforce Development Agency (LWDA) and Defendants of the

14  specific provisions of the Labor Code that have been violated, including the facts and theories to support

15  the violations.  The sixty-day time limit for the agency to respond has not yet expired.  Once it does,

16  Plaintiff will seek to amend the complaint to add this claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated employees, demands

judgment against Defendants and prays for:

    (1)   an order certifying that the action may be maintained as a class action under Federal Rule

        of Civil Procedure 23;

    (2)   designation of the named Plaintiff as the representative of the class and counsel of record

        as Class Counsel;

    (3)   compensatory damages in an amount equal to at least the amounts provided by the

        WARN Act (29 U.S.C. § 2104(a); Cal. Labor Code § 1402(a));

1    (4)    reasonable attorneys' fees, costs and disbursements as allowed by the WARN Act (20

2            U.S.C. § 2104(1)(6); Cal. Labor Code § 1404);

3    (5)    "waiting time penalties" pursuant to California Labor Code § 203 with interest thereon,

4            and reasonable attorneys' fees and costs;

5    (6)    damages for unreimbursed necessary expenditures with interest thereon, reasonable

6            attorneys' fees and costs; and

7    (7)    such other relief as the Court deems fair and equitable.

8

<u>DEMAND FOR JURY TRIAL</u>

9

Plaintiff hereby requests trial by jury of all issues triable by jury.

10

11

DATED: January 13, 2017          Respectfully submitted,

12

13                        GIBBS LAW GROUP

14

15                        By: <u>/s/ Steven M. Tindall</u>

16                        Steven M. Tindall
                           smt@classlawgroup.com

17                        Caroline Corbitt
                         ccc@classlawgroup.com

18                        GIBBS LAW GROUP
                         505 14th Street, Suite 1110

19                        Oakland, CA 94612

20                        Telephone:  (510) 350-9700
                         Facsimile:  (510) 350-9701

21

22                        DOUGLAS LAW OFFICES
                         John H. Douglas

23                        jdouglas@douglaslegal.com
                         100 Pine Street, Suite 1250

24                        San Francisco, CA 94111
                         Telephone: (415) 794-4751

25                        Facsimile: (415) 795-3432

26

27                        *Attorneys for Plaintiff*